UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL E. MICHEL, D.D.S., P.A.,

Plaintiff,

v.

DEDICATED SLEEP, LLC,

Defendant.

Case No. 24-cv-4022-EFM-TJJ

**NOTICE AND ORDER TO SHOW CAUSE**

Plaintiff Michael E. Michel, D.D.S., P.A. brings this breach of contract action against Defendant Dedicated Sleep, LLC. Plaintiff's sole basis for subject-matter jurisdiction is diversity of citizenship under 28 U.S.C. §1332(a), but the Complaint lacks sufficient allegations showing diversity of citizenship between Plaintiff, a professional association, and Defendant, a limited liability company. For the reasons explained below, the Court directs Plaintiff to show cause why this action should not be dismissed without prejudice for lack of jurisdiction under 28 U.S.C. § 1332.

Federal courts have limited jurisdiction and may exercise jurisdiction only when specifically authorized to do so.[1] A federal court has an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,[2] and must dismiss the action at any stage of the proceedings in which it becomes apparent that

---

[1] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). *See also Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1022 (10th Cir. 2012) ("Federal subject-matter jurisdiction is elemental. It cannot be consented to or waived, and its presence must be established in every cause under review in the federal courts.").

[2] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

jurisdiction is lacking.[3] Because the jurisdiction of federal courts is limited, "there is a presumption against [] jurisdiction, and the party invoking federal jurisdiction bears the burden of proof."[4] There are two statutory bases for federal subject-matter jurisdiction: federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. "Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant."[5]

The citizenship of a business entity is determined by its organizational structure. "In general, for jurisdictional citizenship, there are two types of business organizations: corporations and unincorporated associations."[6] If the business is a corporation, under 28 U.S.C. § 1332(c)(1), it is deemed a citizen of the state where it is incorporated and the state where its principal place of business is located.[7] In contrast, an unincorporated business association is deemed to be a citizen of the states in which all of its members and/or partners are citizens, and not simply the state in which it was formed or has its principal places of business.[8] If the business entity is a limited liability company ("LLC"), its citizenship is determined by the citizenship of each member of the

---

[3] *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[4] *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

[5] *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

[6] *Id.*

[7] *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . .).

[8] *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (adhering to the oft-repeated rule that diversity jurisdiction in a suit by or against an artificial business entity depends on the citizenship of each of its members); *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238–39 (10th Cir. 2015) ("Supreme Court precedent makes clear that in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members.").

LLC,[9] with the citizenship of all LLC members traced through however many sub-member layers may exist.[10]

Plaintiff alleges in its Complaint that it is a "Kansas professional association" conducting its affairs from its principal office in Topeka, Kansas.[11] Plaintiff fails to provide sufficient detail about its own business organizational structure and citizenship. Plaintiff's mere reference to it as a "Kansas professional association" without further information is not sufficient. Its citizenship depends on whether it is organized as a professional corporation under state corporate law or structured as an unincorporated business entity, such as limited liability company or limited liability partnership.[12] Depending on whether it is organized as a corporation or an unincorporated association, Plaintiff must provide more information about its citizenship. If Plaintiff is organized as a professional association under state law as a corporation, it must identify the corporation's

---

[9] *See Siloam Springs*, 781 F.3d at 1234 ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members."); *Calton v. JVM Sovereign Apartments, LLC,* 17-2739-DDC-JPO, 2018 WL 3708167, at *1 (D. Kan. Aug. 3, 2018) ("If the entity is a limited liability company, its citizenship is decided by the citizenship of each one of its members.").

[10] *See Pentair Flow Techs., LLC v. L.I. Dev. Kan. City, LLC*, No. 22-2241-JAR-ADM, 2022 WL 2290532, at *1 (D. Kan. June 24, 2022) ("To establish diversity of citizenship with respect to the defendant LLC, plaintiff must identify its members and their citizenship and trace the citizenship of any other members through however many layers may exist.") (collecting cases). *See also Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well.").

[11] Pl.'s Complt. ¶ 1.

[12] *See Rodock v. Moore*, No. 21-2050-DDC-JPO, 2021 WL 719067, at *2 (D. Kan. Feb. 24, 2021) (recognizing professional associations may be formed as professional corporations in accordance with Kansas state corporate law, or as professional limited liability companies or limited liability partnerships).

place of incorporation and principal place of business. If Plaintiff is organized as an unincorporated association, it must identify the citizenship of all its members or partners.

Plaintiff further alleges in paragraph 2 of its Complaint that Defendant Dedicated Sleep, LLC is a "for-profit limited liability company organized and existing under the laws of the state of Oregon, with its principal place of business in Estacada, Oregon."[13] Because Defendant is an LLC, its citizenship is not the state(s) where incorporated and where its principal place of business is located. Instead, its citizenship is determined by the citizenship of each member of the LLC. Plaintiff's allegations regarding the citizenship of Defendant Dedicated Sleep, LLC are therefore insufficient to determine the citizenship of Defendant. As Defendant has not yet answered or otherwise responded to the Complaint or filed its Rule 7.1(a)(2) citizenship disclosure statement which would name—and identify the citizenship of—every one of its LLC members,[14] the Court cannot otherwise determine the citizenship of Defendant.

Plaintiff must provide more information about its organizational structure and citizenship, as well as the citizenship of Defendant's LLC members to determine whether diversity exist. If Plaintiff is organized as a professional association under state law as a corporation, it must identify the corporation's place of incorporation and principal place of business. If Plaintiff is not organized as a corporation, but rather an unincorporated business entity, it must identify the citizenship of all its members or partners. If Defendant is an LLC, the citizenship of *each* LLC member must be identified. If an LLC member is itself an LLC, then the citizenship of all its members must also be identified.

---

[13] Pl.'s Compl. ¶ 2.

[14] Fed. R. Civ. P. 7.1(a)(2) requires a party in a diversity case to file a disclosure statement naming and identifying the citizenship of every individual or entity whose citizenship is attributed to that party.

**IT IS THEREFORE ORDERED** that Plaintiff shall show good cause in writing to Chief District Judge Eric F. Melgren, **on or before June 21, 2024**, why the Court should not dismiss this action without prejudice for lack of subject-matter jurisdiction under 28 U.S.C. § 1332.

IT IS SO ORDERED.

Dated May 23, 2024, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge